# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TERRY S. SHANNON,

                Petitioner,

v.

WILLIAM J. POLLARD,

                Respondent.

Case No. 14-CV-980-JPS

## ORDER

Over three years ago, this Court granted Petitioner's motion for a stay and abeyance to permit him to exhaust his state-court remedies with respect to his claims raised in this habeas case. (Docket #9). Petitioner pursued exhaustion of his claims in the state courts and offered periodic status updates at the Court's behest. *See* (Docket #11, #13, #15, #17, #19, #21). As the Court noted only last week, it appears that Petitioner's efforts at exhaustion have been completed. Publically available state court records reveal that the Wisconsin Court of Appeals affirmed the denial of his motion for post-conviction relief in December 2016, and the Wisconsin Supreme Court denied Petitioner's petition for review in April 2017.

Having failed to file additional status updates as required by the Court, *see* (Docket #23), and facing the prospect of finally having to move forward on his claims, Petitioner offers a new justification to continue the stay and abeyance procedure in this case: the pendency of his co-defendant's motion for post-conviction relief in Wisconsin state court. (Docket #24). His co-defendant (and brother) is operating with the assistance of counsel, and counsel filed a new motion for post-conviction

relief on August 25, 2017. (Docket #24-1). In the motion, counsel argues that new evidence shows that the Shannon brothers acted in self-defense during the gun battle that resulted in the death of Bennie Smith ("Smith") and the Shannons' convictions. *Id.* at 3. Specifically, one of the alleged victims recently told a fellow prison inmate that it was he who accidentally shot Smith first (though his bullet did not kill Smith) and that he and his cohorts started shooting before the Shannons returned fire. *Id.* In fact, this purported victim laughed that the Shannons were being held responsible for a killing they did not commit. *Id.*

Petitioner's motion must be denied. Stay and abeyance exists to permit a petitioner to exhaust his state-court remedies as to claims asserted in his petition. *Rhines v. Weber*, 544 U.S. 269, 271 (2005). It does not exist to permit endless delay of the day of judgment on the hope that some favorable evidence may reveal itself. Petitioner's own claims having been fully exhausted, there is no longer any viable basis to invoke the stay-and-abeyance procedure.

Moreover, even if the Court construed Petitioner's motion as one seeking leave to amend his petition to add his brother's new claim as one of his own, *see* Fed. R. Civ. P. 15(a), the Court would nevertheless deny the request to stay and abey during exhaustion of that claim. A district court's decision to permit or deny this procedure is cabined only by its sound discretion. *See Rhines*, 544 U.S. at 278. Normally, courts consider whether the petitioner had good cause for his failure to exhaust the claim in question, whether the unexhausted claim is potentially meritorious, and whether the petitioner engaged in intentionally dilatory litigation tactics. *Id.*

Whether these factors militate for or against a stay, the Court must in this case return to the central teaching of *Rhines*—namely, that the availability of stay and abeyance "should be available only in limited circumstances." *Id.* The Court observed that the Antiterrorism and Effective Death Penalty Act ("AEDPA") displays Congress' "timeliness concerns" with habeas petitions, including the need to promote finality of state-court judgments. *Id.* at 276–77. In the end, even a mixed petition "should not be stayed indefinitely." *Id.* at 277. Thus, despite indications that stay and abeyance would be proper in this case, the Court is obliged to conclude, quite simply, that too much time has passed. This case is far older than any on the Court's docket, and it is time the case is brought to conclusion. As a result, the motion for continued stay and abeyance—and the implied request to amend the petition—will be denied.

Because the stay and abeyance has been completed, the Court must now screen Petitioner's claims under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. That Rule authorizes a district court to conduct an initial screening of habeas corpus petitions and to dismiss a petition summarily where "it plainly appears from the face of the petition. . .that the petitioner is not entitled to relief." This Rule provides the district court the power to dismiss both those petitions that do not state a claim upon which relief may be granted and those petitions that are factually frivolous. *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Under Rule 4, the Court analyzes preliminary obstacles to review, such as whether the petitioner has complied with the statute of limitations, exhausted available state remedies, avoided procedural default, and set forth cognizable claims.

Before the Court can turn to screening Petitioner's asserted grounds for relief, however, he must file with the Court the decisions of the Wisconsin trial and appellate courts on his motion for post-conviction relief that he employed to exhaust the instant claims. Without those opinions, the Court cannot conclude that Petitioner has avoided procedural default or exhausted his state remedies as to all of his asserted grounds for relief. This is because Petitioner concedes in his petition that his direct appeal touched on only two narrow issues: (1) did the State violate *Brady v. Maryland*, 373 U.S. 83 (1963), when it failed to disclose the medical examiner's report about the origin of the fatal shot that killed Smith; and (2) should other-acts evidence introduced at trial have been excluded. (Docket #1 at 3). His asserted grounds for habeas relief are far broader. *See id.* at 6–9. Thus, if the Court considered the petition only on its face, it would be forced to conclude that procedural default and failure to exhaust barred most of those grounds. Indeed, this is precisely why Petitioner sought and was granted a stay and abeyance—to have an opportunity to present these new claims to the Wisconsin courts.

To satisfy the Court that he has indeed presented his claims to the Wisconsin courts during the stay and abeyance, the Court must review the decisions on his post-conviction motion. Petitioner bears the burden on matters such as procedural default and exhaustion, *see Mahaffey v. Schomig*, 294 F.3d 907, 914–15 (7th Cir. 2002), and without providing the relevant state-court decisions, he cannot meet that burden. Consequently, the Court will direct Petitioner to file those decisions within twenty-one (21) days of the date of this Order or face dismissal.

Accordingly,

**IT IS ORDERED** that Petitioner's motion to continue stay and abeyance (Docket #24) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that, within **twenty-one (21) days** of the date of this Order, Petitioner shall file copies of all of the decisions of the Wisconsin courts relating to his post-conviction motion. Failure to do so will result in dismissal of this action.

Dated at Milwaukee, Wisconsin, this 8th day of November, 2017.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge