# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TERRY S. SHANNON,

                Petitioner,

v.

WILLIAM J. POLLARD,

                Respondent.

Case No. 14-CV-980-JPS

**ORDER**

As noted in prior orders, this case has been under a stay and abeyance for several years, during which time Petitioner Terry Shannon ("Shannon") has sought to exhaust his state-court remedies with respect to the claims raised in his habeas petition. (Docket #25). Having received the relevant decision from the Wisconsin Court of Appeals with respect to Shannon's recent postconviction motion, *see* (Docket #26),[1] the Court will now turn to screening the petition under Rule 4 of the Rules Governing Section 2254 Proceedings.

That Rule authorizes a district court to conduct an initial screening of habeas corpus petitions and to dismiss a petition summarily where "it plainly appears from the face of the petition. . .that the petitioner is not entitled to relief." This Rule provides the district court the power to dismiss both those petitions that do not state a claim upon which relief may be granted and those petitions that are factually frivolous. *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Under Rule 4, the Court

---

[1] Shannon did not submit all of the pages of the appellate court opinion, but the Court was nevertheless able to locate it in the Westlaw database: *State v. Shannon*, 895 N.W.2d 103, 2016 WL 7177463 (Wis. Ct. App. 2016).

analyzes preliminary obstacles to review, such as whether the petitioner has complied with the statute of limitations, exhausted available state remedies, avoided procedural default, and set forth cognizable claims.

This case arises from a gun battle involving Shannon and his brother on one side and members of a rival gang, including Bennie Smith ("Smith"), on the other. The Shannons drove up alongside a car occupied by Smith and his companions, and the firing began. At the end of the melee, Smith was dead.

In 2010, Shannon was sentenced in Racine County Circuit Court to serve life imprisonment without the possibility of parole after a jury convicted him of first degree intentional homicide while armed, in violation of Wis. Stat. § 940.01, and discharging a firearm from a vehicle, in violation of Wis. Stat. § 941.20(3)(a), both as party to a crime. He appealed two issues: (1) did the State violate its discovery obligations under Wis. Stat. § 971.23(1)(e), when it failed to disclose the medical examiner's opinion that Smith's fatal gunshot wounds were "atypical," meaning they had passed through something before they hit him; and (2) should certain firearms, ammunition, and drugs found at several Shannon residences have been excluded at trial as improper other-acts evidence. The conviction was affirmed, and the Wisconsin Supreme Court denied the request for discretionary review. Shannon did not seek certiorari to the United States Supreme Court.

On August 11, 2014, Shannon filed the instant petition. In it, he raises four grounds for relief. First, he argues that the trial court did not properly instruct the jury that the absence of self-defense must be proved by the State, which violated his right to due process of law. (Docket #1 at 6–7). Second, Shannon claims he was provided ineffective assistance of

trial and appellate counsel, since none of his lawyers investigated his co-defendant, his mother, or his daughter's mother, all of whom allegedly had exculpatory evidence supporting his claim of self-defense. *Id.* at 7. Trial counsel also committed a host of other errors, including failing to advise him regarding the admissibility of Smith's history of violent acts under *McMorris v. State*, 205 N.W.2d 559 (1973), failing to proffer proper jury instructions regarding self-defense, failing to investigate the crime scene and physical evidence, failing to file a motion under *Brady v. Maryland*, 373 U.S. 83 (1963), which requested exculpatory and impeachment evidence, and failing to hire a ballistics expert to rebut the State's expert. *See id.* at 7–8. Appellate counsel purportedly erred by raising none of these points during direct appeal. *Id.* at 8.

Third, Shannon says he did not validly waive his right to testify at trial due to the ineffective assistance of his trial counsel. *Id.* at 8. In this ground, which overlaps with ground two, Shannon contends that under *McMorris*, he should have testified at trial regarding evidence of violent acts the victim had committed which he knew about at the time of the alleged crime, and which would bear on the reasonableness of the claim of self-defense. *See State v. McClaren*, 767 N.W.2d 550, 552 (Wis. 2009). He did not do so because his counsel failed to advise him concerning the value of such testimony. (Docket #1 at 8).

Finally, Shannon asserts in ground four that the State violated his due-process rights by withholding *Brady* evidence—that is, material and exculpatory evidence—in the form of a medical examiner's autopsy report, which contained a statement that Smith's fatal would was "atypical." *Id.* at 9. This statement, if disclosed, would have been used to

show that Smith's fellow passengers may have fired the fatal shot, not one of the Shannons. *See id.*[2]

The Court will first consider the timeliness of the petition. A state prisoner in custody pursuant to a state court judgment has one year from the date "the judgment became final" to seek federal habeas relief. 28 U.S.C. § 2244(d)(1)(A). A judgment becomes final within the meaning of Section 2244(d)(1)(A) when all direct appeals in the state courts are concluded followed by either the completion or denial of certiorari proceedings in the U.S. Supreme Court, or if certiorari is not sought, at the expiration of the ninety days allowed for filing for certiorari. *See Ray v. Clements*, 700 F.3d 993, 1003 (7th Cir. 2012).

Here, it appears the petition is timely. Shannon's direct appeal concluded on May 13, 2013, and he did not seek certiorari to the Supreme Court. Thus, his time to file habeas petition began to run on August 11, 2013. This petition was filed exactly one year later, on August 11, 2014. Consequently, it appears to have been timely filed.

The Court continues its Rule 4 review by examining Shannon's petition to determine whether he has exhausted his state remedies. The district court may not address the merits of the constitutional claims raised in a federal habeas petition "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). Accordingly, a state prisoner is required to exhaust the remedies available in state court before a district court will consider the merits of a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A); *Dressler v.*

---

[2]Notably, although Shannon's direct appeal included a claim that the trial court erroneously admitted drugs and guns found at the Shannon residences, no such claim is found in Shannon's habeas petition.

*McCaughtry*, 238 F.3d 908, 912 (7th Cir. 2001) (if petitioner "either failed to exhaust all available state remedies or raise all claims before the state courts, his petition must be denied without considering its merits"). A petitioner exhausts his constitutional claim when he presents it to the highest state court for a ruling on the merits. *Lieberman v. Thomas*, 505 F.3d 665, 669 (7th Cir. 2007) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971)); *Perruquet v. Briley*, 390 F.3d 505, 513 (7th Cir. 2004). Once the state's highest court has had a full and fair opportunity to pass upon the merits of the claim, a prisoner is not required to present it again to the state courts. *Humphrey v. Cady*, 405 U.S. 504, 516 n.18 (1972).

Here, some of Shannon's claims remain unexhausted despite the Court having afforded him three years of stay and abeyance.[3] The Court will address each ground in turn. In his first ground for relief, Shannon contends that the jury should have been instructed that the absence of self-defense was an element of his crime. This claim was presented in a postconviction motion to the Wisconsin Court of Appeals during the stay and abeyance, and the court rejected it. *Shannon*, 895 N.W.2d 103, 2016 WL 7177463, at *3–4. The Wisconsin Supreme Court thereafter denied discretionary review, *State v. Shannon*, 898 N.W.2d 583 (2017), and so the claim is fully exhausted.

Shannon's second ground for relief has some exhausted and some unexhausted portions. The claim is framed as one for ineffective assistance of trial and appellate counsel, which has been exhausted as a general

---

[3]The unexhausted claims may also be procedurally defaulted, inasmuch as Wisconsin courts may now refuse to hear them. *See Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004); *State v. Escalona-Naranjo*, 517 N.W.2d 157, 184 (Wis. 1994). Since failure to exhaust requires dismissal of the claims, the Court declines to reach that issue.

matter. *See Shannon*, 895 N.W.2d 103, 2016 WL 7177463, at *3–4. But Shannon's litany of complaints about his lawyers includes some specific issues which were never presented to any state court. Among them are failing to investigate allegedly exculpatory statements by his brother, mother, and others, failing to investigate the crime scene, erroneous advice concerning other-acts evidence and Shannon's right to testify as it affected his claim of self-defense under *McMorris*, and failing to hire a ballistics expert. *See* (Docket #1 at 7–8).

These issues were never mentioned below, and Shannon apparently made no effort to raise them during the stay and abeyance despite representations that he would do so. *See id.* at 8; *Shannon*, 895 N.W.2d 103, 2016 WL 7177463, at *3–4. The time for seeking exhaustion is now over, and these portions of his second ground for relief may not proceed. Thus, the only portions of ground two that can proceed are ineffective assistance of trial and appellate counsel arising from: (1) failure to proffer correct jury instructions;[4] and (2) failure to file a *Brady* motion.[5]

Shannon's third ground for relief is also unexhausted. It is functionally a restatement of the portion of ground two relating to *McMorris* and Shannon's waiver of his right to testify concerning Smith's prior violent acts. As noted above, such a claim was not even hinted at in state court, whether on direct appeal or during stay and abeyance, although Shannon told the Court that he would raise the issue in a

---

[4]This overlaps with ground one, and Shannon presented it to the Court of Appeals during the stay and abeyance. *Shannon*, 895 N.W.2d 103, 2016 WL 7177463, at *3–4.

[5]This claim is likely unexhausted, as discussed further below, but because there is a negligible chance that it was presented to the state courts, the Court will allow the claim to proceed for the time being.

postconviction motion during the stay. *See* (Docket #1 at 8–9). The claim remains unexhausted.

Finally, there is ground four of Shannon's petition. This ground is also largely a restatement of a portion of ground two. This time, as a companion to his ineffective-assistance claim, he alleges that the government violated his due-process rights by withholding evidence in contravention of its *Brady* obligations. The evidence in question, as has been explained, was that the medical examiner would opine that Smith's fatal would was "atypical."

While Shannon exhausted on direct appeal a claim of a discovery violation under Wis. Stat. § 971.23(1)(e), the obligations imposed by that statute are not coterminous with the government's discovery obligations under *Brady*. *See Anderson v. Tegels*, No. 11–cv–584–wmc, 2014 WL 3928564, at *9–10 (W.D. Wis. Aug. 12, 2014). It appears that in state court, Shannon chose to frame the issue of the medical examiner's opinion as a state statutory violation and not a *Brady* violation. *See* (Docket #1-1 at 3–5). If this is true, then he has not exhausted a *Brady* claim. The Court cannot make that determination, however, until it reviews the briefs filed in connection with the state proceedings, which Respondent will submit in accordance with the schedule outlined below. Thus, Shannon will be permitted to proceed on this claim at present.

The Court next reviews Shannon's petition under Rule 4 to determine whether he has procedurally defaulted on any of his claims. Even though a constitutional claim in a federal habeas petition has been properly exhausted, the Court is still barred from considering the claim if it has been procedurally defaulted. *See Mahaffey v. Schomig*, 294 F.3d 907, 915 (7th Cir. 2002). A state prisoner procedurally defaults on a

constitutional claim in a habeas petition when he fails to raise the claim in the state's highest court in a timely fashion or in the manner prescribed by state law. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999); *Thomas v. McCaughtry*, 201 F.3d 995, 1000 (7th Cir. 2000). Put differently, procedural default arises where (1) the petitioner presented the claim to the state courts and the state court decision rests on an adequate and independent state-law procedural grounds, or (2) the petitioner did not present the claim to the state courts and it is clear the state courts would no longer hear it. *Perruquet*, 390 F.3d at 514.

Here, it appears that Shannon has not procedurally defaulted on his properly exhausted claims. From the decisions of the state courts appended to his petition and the Court of Appeals' decision on his recent postconviction motion, it does not appear that a procedural failing stood in the way of state-court review.

The Court concludes its Rule 4 review by screening for patently frivolous claims in Shannon's petition. *Ray*, 700 F.3d at 996 n.1. Without expressing any opinion as to the potential merit of Shannon's properly exhausted claims, it does not plainly appear that they are frivolous.

Having reviewed the petition under Rule 4, the Court has found that exhaustion of remedies presents an obstacle to many of the asserted grounds for relief. A district court may not consider a "mixed" habeas petition—that is, one which presents exhausted and unexhausted claims. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). Instead, the court must either dismiss the entire petition or allow the petitioner the opportunity to elect to proceed only on the exhausted claims. *See Rhines v. Weber*, 544 U.S. 269, 278 (2005). Normally, the court can also consider a potential stay and abeyance to permit the petitioner to exhaust his unexhausted claims, *see*

*id.*, but because Shannon was already given three years to do exactly that, the Court will not entertain another stay and abeyance.

Instead, the Court will give Shannon a choice. Either Shannon can: (1) dismiss this petition in its entirety in order to exhaust all his claims in state court; or (2) elect to proceed on only the exhausted claims described above. If Shannon elects option (1) and seeks to dismiss this action in its entirety so that he may exhaust his claims in the state court, he may notify the Court of that decision by letter. The Court warns him that any later-filed habeas petition may be considered untimely under the applicable one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). If Shannon elects option (2) and wishes to dismiss his unexhausted claims and proceed only on his exhausted claims, then he should: (a) file an amended petition which does not include the unexhausted claims; and (b) file a separate letter telling the Court that he wishes to proceed only on his exhausted claims. Shannon is further warned that if he proceeds only on the exhausted claims, he may not be able to proceed on his other claims in a second or successive petition. *See id.* § 2244(b)(2). Whichever course of action Shannon elects to take, the Court will require him to file his amended petition, motion, or letter as described herein within **thirty (30) days** of the entry of this Order.

Accordingly,

**IT IS ORDERED** that, within thirty (30) days of the entry of this Order, Petitioner shall: (1) file a letter seeking dismissal of this action in its entirety while he exhausts his claims in state court; or (2) file a letter indicating that he wishes to proceed only on his exhausted claims and file an amended petition that does not include the unexhausted claims.

Dated at Milwaukee, Wisconsin, this 6th day of December, 2017.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge