# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| TERRY S. SHANNON,<br><br>       Petitioner,<br><br>v.<br><br>WILLIAM J. POLLARD,<br><br>       Respondent. | Case No. 14-CV-980-JPS<br><br><br><br>**ORDER** |

   This case is nearly four years old. It lived most of its life under a stay and abeyance, granted at Petitioner's request so that he could exhaust his habeas claims in state court. He was only partially successful in that endeavor. Despite being afforded years to seek exhaustion of all of his claims, his petition nevertheless contained some unexhausted claims. The Court identified the exhausted and unexhausted claims in a screening order issued on December 6, 2017. (Docket #27).[1]

   In that order, the Court afforded Petitioner thirty days to elect either to end this case and pursue his unexhausted claims in state court or proceed only on his fully exhausted claims. He ignored the Court's directive completely, so the Court gave him a final warning and seven additional days to comply. (Docket #28). He obeyed, asking that he be allowed to proceed only on his exhausted claims. (Docket #30). The Court

---

[1]Petitioner opposed ending the stay and abeyance, as he believed it should continue during the pendency of his co-defendant and brother's state post-conviction proceedings. (Docket #25). Stay and abeyance does not exist for such purposes, however, so that request had to be denied. *Id.* at 2–3.

obliged his request and ordered that the parties brief the merits of his habeas claims.

In accordance with that briefing schedule, counsel for Respondent answered the petition on February 15, 2018. (Docket #34). The next step was for Petitioner to submit a brief in support of his claims within sixty days of the answer. (Docket #30 at 3). Petitioner sought and was granted a 30-day extension of that deadline after he complained of limited access to the institution law library and his jailhouse lawyer. (Docket #36). That gave him a total of ninety days to file his brief in support, or until May 16, 2018. The Court warned that "no further extensions of that deadline will be considered." *Id.* at 1.

Despite that warning, and a day after the May 16 deadline passed, Petitioner requested another 30-day extension to file his brief in support of his petition, again citing limited access to the law library and his jailhouse lawyer. (Docket #37). The Court observed that while these were good reasons for an extension of time, "the Court has already considered those very reasons in its prior order and found that a single 30-day extension was sufficient to accommodate them." (Docket #38 at 1). "Moreover," noted the Court, "Petitioner has flouted the Court's warning that no further extensions would be allowed." *Id.*

Nevertheless, the Court generously granted Petitioner one final 14-day extension of time, until May 30, 2018, to submit his brief. *Id.* at 2. It made crystal clear that "[n]o additional extensions will be entertained for any reason, and failure to timely file a brief in support of the petition will result in dismissal of the petition for failure to prosecute." *Id.* (citing Civ. L. R. 41(b)).

The May 30 deadline has long since passed and the Court has received no brief from Petitioner, nor any other communication of any type. He has not heeded the Court's warning that failure to file a brief in support of his petition within the prescribed period would result in dismissal of this action. As the Court has detailed above, this is consistent with Petitioner's long-standing practice of flouting the Court's instructions and the deadlines it set. As a result, the Court will dismiss this action without prejudice for his failure to prosecute the same. *See* Civ. L. R. 41(c); *Fischer v. Cingular Wireless, LLC*, 446 F.3d 663, 665 (7th Cir. 2006).

This result is unfortunate, as the Court and Petitioner have invested substantial time and energy in pursuing the resolution of his habeas petition. Yet the Court's directives are not mere suggestions and are not to be lightly ignored. Petitioner—and his contumacious disregard for his obligations as a litigant—alone are to blame for today's result. From his lack of diligence in pursuing exhaustion of his claims during the years-long stay and abeyance, to his failure to communicate with the Court, to his near-constant requests for extensions of already lengthy or previously extended deadlines, Petitioner has demonstrated that he does not wish to apply himself to this matter with the diligence required of civil litigants. The Court's docket is too overburdened with eager and industrious litigants to give Petitioner any more second chances. This matter will be dismissed, despite the fact that it will likely be the practical end of Petitioner's ability to seek federal habeas review. *See Borzych v. Bertrand*, 974 F. Supp. 1220, 1224 (E.D. Wis. 1997).

Accordingly,

**IT IS ORDERED** that this action be and the same is hereby **DISMISSED without prejudice** for Petitioner's failure to prosecute.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 14th day of June, 2018.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge